THOMAS STEEL V. STATE.

No. 24276. February 23, 1949.

*Levee & Lee,* by *Sidney Lee,* Texarkana, for appellant.

*Ernest S. Goens,* State's Attorney, Austin, for the state.

KRUEGER, Judge.

The offense is theft of a tractor. The punishment assessed is confinement in the penitentiary for a term of two years.

At the very threshold of this case we are confronted with the question of the sufficiency of the indictment, in this, that the state failed to allege in the indictment the value of the stolen tractor. It is essential in all cases of theft, except in theft from the person and theft of certain animals such as horses, mules, cows, etc., to allege the value of the corporeal personal property alleged to have been stolen so that the indictment upon its face may show that the court has jurisdiction of the offense. Furthermore, it is necessary to prove the value of the property so that the court may properly instruct the jury relative to the punishment applicable to the offense. In the instant case, the state proved the value of the tractor yet failed to allege it. This constitutes a fatal defect in the indictment. See Sheppard v. State, 1 Tex. App. 522; Melton v. State, 20 Tex. App. 202; Collins v. State, 20 Tex. App. 197; Shaw v. State, 23 Tex. App. 493 (5 S. W. 317) ; and Campbell v. State, 61 Tex. Cr. R. 504 (135 S. W. 548). Ordinarily whatever is necessary to be proved must be alleged in the indictment.

There are other questions raised which we do not deem necessary to here decide. The indictment being fatally defective, the judgment of conviction is reversed and the prosecution dismissed.

Opinion approved by the Court.