Opinion issued October 12, 2006 













Opinion issued October 12,
2006










 

 

 

 













 

     

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-05-00775-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



RICHARD LAWRENCE NUGENT, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 

 



On Appeal from the 228th District Court

Harris County,
Texas

Trial Court Cause No. 1015171

 








 



MEMORANDUM OPINION

 

          Appellant,
Richard Lawrence Nugent, pleaded guilty to the first-degree felony offense of
theft, in an aggregate amount in excess of $200,000.00.  See
Tex. Pen. Code Ann. §§
31.01(1)(D), 31.03(a), (e)(7), 31.09 (Vernon 2003 & Supp. 2005).  The trial court assessed punishment at ten
years’ confinement, but suspended the sentence and placed Nugent on ten years’
community supervision.  In one issue,
Nugent contends the trial court abused its discretion in ordering him to pay
$248,621.00 in restitution as a condition of his community supervision.  Specifically, Nugent asserts that (1) the
record does not support restitution in the amount ordered, and (2) the order
requires him to pay restitution to victims of crimes for which he was not
charged.  The State requests that we
modify the restitution order to reflect the trial court’s oral
pronouncement.  We
conclude that the trial court did not abuse its discretion and therefore
affirm, as modified to reflect the trial court’s oral pronouncement.

Facts

          Between
July 2002 and May 2004, Nugent engaged in a real estate scheme with codefendant
Craig Davidson, who is not a party to this appeal.  Nugent and Davidson typically located
apparently abandoned residential real property owned by unsuspecting third
parties.  They then would file a false
tax deed purporting to convey title to the property to themselves, or to one of
their various aliases, in an attempt to obtain color of title for purposes of
the Texas adverse possession
statute, and would take temporary control of the property.  Next, using a special warranty deed, they
purported to convey what appeared to be fee simple ownership of the property to
an unsuspecting buyer, in exchange for money or a promise to pay money.  On their face, the deeds generally appeared
to convey full title to the buyers, but a careful reading revealed that the
deeds disclaimed any warranty; at most, the deeds conveyed Nugent’s or
Davidson’s “interest” in an unmatured adverse possession claim.  

          A
grand jury indicted Nugent in February 2005, charging him with theft of money
and real property in an amount exceeding $200,000.00.  See
Tex. Pen. Code Ann. §§
31.01(1)(D), 31.03(a), (e)(7), 31.09. 
Nugent pleaded guilty to the offenses within the indictment, which
incorporated by reference an exhibit containing the names of those who lost
money due to the fraud.  

Following Nugent’s guilty plea, the
trial court ordered the preparation of a pre-sentence investigation (“PSI”)
report.  At Nugent’s sentencing hearing,
the State presented testimony of three victims of Nugent’s crime; each
testified to the losses he or she personally had sustained.  The State also presented the PSI report to
provide a factual basis for a restitution award to complainants who did not
testify at the hearing.  The report
contains the name of each victim, as well as the dollar amount of loss that
each sustained.  At the end of the
sentencing hearing, the trial court assessed punishment at ten years’
confinement, ordered the sentence suspended for ten years, and placed Nugent on
community supervision.  In addition, the
trial court imposed certain conditions on Nugent’s community supervision.  The trial court ordered Nugent to pay
$248,621.00 in restitution, and “cooperate with the
property authorities in helping to obtain clear titles to the properties in
question.”  The trial court also
ordered that Nugent was responsible for paying only half of the $248,621.00
because Nugent’s codefendant, Craig Davidson, was responsible for the other
half.  

Restitution Award

 

          In
his sole point of error, Nugent contends that the trial court abused its
discretion by ordering him to pay $248,621.00 in restitution as a condition of
his community supervision.  Specifically,
Nugent asserts that the evidence offered by the State at the sentencing hearing
does not support the amount of restitution awarded by the trial court, and that
the trial court’s community supervision order requires him to pay restitution
to victims of crimes for which he was not charged. 

          We
review challenges to restitution orders under an abuse of discretion
standard.  See Campbell v. State, 5 S.W.3d 693, 696
(Tex. Crim. App. 1999) (“An abuse of
discretion by the trial court in setting the amount of restitution will
implicate due-process considerations.”); Cartwright
v. State, 605 S.W.2d
287, 289 (Tex. Crim. App. 1980); Tyler v. State, 137 S.W.3d 261, 266
(Tex. App.—Houston [1st Dist.] 2004, no pet.). 
An
abuse of discretion occurs if the trial court acts without reference to any
guiding rules and principles or acts arbitrarily or unreasonably.  Montgomery
v. State, 810 S.W.2d 372,
380 (Tex. Crim. App. 1990); Tyler, 137 S.W.3d at
266. 

Texas law provides three limits on the amount of
restitution a trial court can order.  See
Campbell, 5 S.W.3d at
696–97; Tyler, 137 S.W.3d at 266.  The amount must be just and supported by a
factual basis within the loss of the complainant.  Campbell, 5 S.W.3d at 696–97; Tyler, 137 S.W.3d at 266.  The restitution ordered
must also be for an offense for which the convicted person is criminally
responsible.  Campbell, 5 S.W.3d at 697; Tyler, 137 S.W.3d at 266.  Finally, restitution is proper only for the
victim or victims of the offense for which the offender is charged.  Campbell,
5 S.W.3d at 697; Tyler,
137 S.W.3d at 266.

The prosecution has the
burden of proving the amount of loss sustained by the victims of a crime by a
preponderance of the evidence, for the purpose of factually supporting a
restitution order.  Tex. Code Crim. Proc. Ann. art.
42.037(k) (Vernon Supp. 2005).  In support of the restitution order in this
case, the State offered the testimony of only three of the victims of Nugent’s
crime at the sentencing hearing.  The State,
however, also offered the PSI report at the sentencing hearing, which contained
a detailed breakdown of each victim of Nugent’s crime, and the amount of loss
he or she had sustained as a result. 
Nugent contends that the PSI report cannot support the restitution award
because the report is hearsay.  See Cartwright, 605 S.W.2d at 289
(holding that pre-sentence investigation report was hearsay and insufficient to
establish factual basis for restitution). 


Nugent’s reliance on Cartwright is misplaced.  “Cartwright was decided before the
majority rule was embraced by Texas Rule of Evidence 802 which treats hearsay
admitted without objection the same as all other evidence in that it is capable
of sustaining a verdict.”  Maloy v. State, 990 S.W.2d 442, 445–46 (Tex. App.—Waco 1999, no pet.); see also Tex. R. Evid.
802 (“Inadmissible hearsay admitted without objection shall not
be denied probative value merely because it is hearsay.”); Chambers v. State, 711 S.W.2d 240, 247 (Tex. Crim. App.
1986).  Nugent did not object to the PSI
report as hearsay.  Thus, the report is a
sufficient factual basis to support the trial court’s restitution order.

Nugent further contends
that the trial court abused its discretion in ordering him to “cooperate with
the property authorities in helping to obtain clear titles to the properties in
question” as a condition of his community supervision.  Nugent maintains that this portion of the
order requires him to pay restitution for a separate offense for which he was
not charged.  

Those who sustained
losses due to Nugent’s conduct fall into two separate categories: (1) those
whose titles to real property were clouded by Nugent’s scheme, and (2) those
deprived of money in payment for the false warranty deeds.  The true owners of the real properties
involved in this case—upon which Nugent filed false liens—were injured, as were
people who attempted to purchase the real property from Nugent.  

The crux of Nugent’s
argument centers on dividing his crime of theft into two separate offenses:
theft of money and theft of real property. 
Nugent asserts that the trial court’s community supervision order not
only requires him to pay restitution in the form of money, but also in the form
of real property, through the portion of the order that directs him to
“cooperate with the property authorities in helping to obtain clear titles to
the properties in question.”  Nugent
asserts that the State never charged him with “theft of real property.” 

Nugent’s argument fails
because he incorrectly assumes that his crime of theft is a combination of two
separate offenses.  Nugent pleaded guilty
to the crime of theft of money and real property, in an aggregate amount in excess of
$200,000.00.  While Nugent’s crime
involved separate transactions of money and real property, these transactions
constitute a continuing course of conduct, involving one common scheme, and comprising
only one crime.  See Tex. Pen. Code Ann.
§§ 31.01(1)(D), 31.03(a), (e)(7), 31.09 (“When
amounts are obtained in violation of this chapter pursuant to one scheme or
continuing course of conduct, whether from the same or several sources, the
conduct may be considered as one offense and the amounts aggregated in
determining the grade of the offense.”). 
The indictment in this case incorporated by reference an exhibit that
contains the names of persons Nugent defrauded, and the type of property that
Nugent stole from each of them.  The
provisions of the trial court’s restitution order require Nugent to pay
restitution only to those listed in the exhibit to the indictment.  The trial court’s order thus does not require
Nugent to pay restitution for offenses for which he was not charged in the
indictment.   

Finally, the State
requests that we modify the written restitution order to conform to the trial
court’s oral pronouncement of restitution. 
At the punishment hearing, the trial court orally ordered that Nugent
pay $124,310.50 in restitution.  The
written order setting forth the conditions of Nugent’s community supervision,
however, requires Nugent to pay $248,621.00 in restitution, but indicates that Nugent’s
co-defendant, Craig Davidson, is responsible for half that amount.  The State asserts that we should modify the
written restitution order to clearly reflect that Nugent is only responsible
for paying a total of $124,310.50 in restitution.  See Ex
parte Madding, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002) (holding that
trial court’s oral pronouncement of sentence controls over written
judgment).  We agree, and modify the
trial court’s order accordingly.  

Conclusion

We hold that the record
supports the restitution ordered by the trial court, and that the trial court’s
order does not require Nugent to pay restitution for crimes for which he was
not charged.  The trial court thus did
not abuse its discretion in ordering Nugent to pay $124,310.50 in restitution
as a condition of his community supervision. 
In addition, the trial court abuse its discretion in ordering Nugent to
cooperate with the authorities in clearing the titles to the real properties at
issue in this case, as this provision does not order restitution beyond the
amount reflected in the trial court’s order and supported by the record.  We therefore affirm the judgment of the trial
court as modified.

 

                                                          Jane Bland

                                                          Justice

 

Panel consists of Chief Justice
Radack and Justices Alcala and Bland.

Do not publish.  Tex.
R. App. P. 47.2(b).