In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00184-CR

                                                ______________________________

 

 

                                   ANITA RENEE MCGILL,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 114th
Judicial District Court

                                                             Smith County, Texas

                                                       Trial Court
No. 114-0305-10

 

                                                    
                                              

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                     MEMORANDUM 
OPINION

 

            Following
her open plea of guilty to the State’s indictment charging that she had stabbed
Teresa Kate Hill, Anita Renee McGill was convicted of aggravated assault with a
deadly weapon.  McGill was sentenced to
an eight-year term of imprisonment and was ordered to pay court costs in the
amount of $570.00 and restitution in the amount of $17,516.55.  She appeals[1] from
the trial court’s restitution order, complaining (among other points of error
which we do not reach) that the restitution order fails to specify to whom restitution
should be paid.  Because the trial
court’s order does not conform with Article 42.037 of the Texas Code of
Criminal Procedure, we reverse the judgment and remand the case to the trial
court for further proceedings in accord with this opinion. 

            After
Hill was stabbed by McGill, she was taken by ambulance to East Texas Medical
Center Hospital for treatment.  The State
sought to impose restitution upon McGill, which would cause reimbursement of
the medical expenses incurred by Hill as a result of the stabbing.  During the hearing on punishment, the State
asked for an award of restitution in the amount of $17,516.55.  In assessing the amount of restitution, the
trial court took judicial notice of a “pre-sentence investigation report,
including any addenda,” after noting that there were no objections to the
report of addendum.  The presentence
investigation (PSI) report contained a restitution form, an affidavit, and
supporting documentation specifying that as of August 25, 2010, the Crime
Victims Compensation Division was seeking restitution in the amount of
$16,966.22 for sums paid to East Texas Medical Center Hospital on Hill’s
behalf.  An addendum to the PSI report sought
an additional $550.33 of restitution to be paid to East Texas Medical Center-EMS
as a “secondary victim of this offense” for a bill which had been omitted from
the PSI report.  

            On
appeal, McGill contended that the trial court’s restitution order failed to
list the beneficiary of the restitution. 
She complained that the trial court could not award restitution to East
Texas Medical Center-EMS under Article 42.037 because it was not a victim of
the offense.  Because the amount of the
restitution was based upon an amount allegedly owed to a nonvictim, McGill also
challenged the sufficiency of the evidence supporting the amount of
restitution.  We address only the first
issue brought to our attention. 

            A
“court that sentences a defendant convicted of an offense may order the
defendant to make restitution.”  Tex. Code Crim. Proc. Ann. art.
42.037(a) (West Supp. 2010); see Tex. Const. art. I, § 30(b)(4).  An order of restitution must require a
defendant to:

(i) make restitution directly to the person or
agency that will accept and forward restitution payments to the victim or other
person eligible for restitution under this article, including the compensation
to victims of crime fund; (ii) make restitution directly to the victim or other
person eligible for restitution under this article, including the compensation
to victims of crime fund; or (iii) deliver the amount or property due as
restitution to a community supervision and corrections department for transfer
to the victim or person.

 

Tex.
Code Crim. Proc. Ann. art. 42.037(g)(4) (West Supp. 2010).  Article 42.01, Section 1(25) further states
that a judgment shall reflect:

In the event that the court orders restitution to
be paid to the victim, a statement of the amount of restitution ordered and: 

            (A)       the name and address of a person or
agency that will accept and forward restitution payments to the victim; or 

            (B)       if the court specifically elects to have
payments made directly to the crime victim, the name and permanent address of
the victim at the time of judgment.

 

Tex.
Code Crim. Proc. Ann. art. 42.01, § 1(25) (West Supp. 2010).  

             In this case, the trial court’s order does not
specify the person or agency to whom restitution will be paid, and no oral
pronouncement on this matter was made.  

            Therefore,
we reverse the trial court’s order and remand for further proceedings in accord
with this opinion.  See Campbell v. State, 5 S.W.3d 693, 697 (Tex. Crim. App. 1999). 

                                                                                    

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          July
18, 2011

Date Decided:             August
4, 2011

 

Do Not Publish           

 











[1]Originally
appealed to the Twelfth Court of Appeals, this case was transferred to this
Court by the Texas Supreme Court pursuant to its docket equalization
efforts.  See Tex. Gov’t Code Ann. § 73.001
(Vernon 2005).  We are unaware of any
conflict between precedent of the Twelfth Court of Appeals and that of this
Court on any relevant issue.  See Tex. R. App. P. 41.3.