In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00184-CR

                                                ______________________________

 

 

                                   ANITA RENEE MCGILL,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 114th
Judicial District Court

                                                             Smith County, Texas

                                                       Trial Court
No. 114-0305-10

 

                                                    
                                              

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                      MEMORANDUM OPINION 

 

            Following
her open plea of guilty to the State’s indictment charging that she had stabbed
Teresa Kate Hill, Anita Renee McGill was convicted of aggravated assault with a
deadly weapon.  McGill was sentenced to
an eight-year term of imprisonment and was ordered to pay court costs in the
amount of $570.00 and restitution in the amount of $17,516.55.  She appeals[1] from
the trial court’s restitution order, complaining (among other points of error
which we do not reach) that the restitution order fails to specify to whom restitution
should be paid.  Because the trial
court’s order does not conform to the requirements of Article 42.037 of the
Texas Code of Criminal Procedure,[2]
we reverse the judgment only as it pertains to the issue of restitution and
remand the case to the trial court for further proceedings in accord with this
opinion. 

            After
Hill was stabbed by McGill, she was taken by ambulance to East Texas Medical
Center Hospital for treatment.  The State
sought to impose restitution upon McGill, which would cause reimbursement of
the medical expenses incurred by Hill as a result of the stabbing.  During the hearing on punishment, the State
asked for an award of restitution in the amount of $17,516.55.  In assessing the amount of restitution, the
trial court took judicial notice of a “pre-sentence investigation report,
including any addenda,” after noting that there were no objections to the
report of addendum.  The presentence
investigation (PSI) report contained a restitution form, an affidavit, and
supporting documentation specifying that as of August 25, 2010, the Crime
Victims Compensation Division was seeking restitution in the amount of
$16,966.22 for sums paid to East Texas Medical Center Hospital on Hill’s
behalf.  An addendum to the PSI report sought
an additional $550.33 of restitution to be paid to East Texas Medical
Center-EMS as a “secondary victim of this offense” for a statement for services
which had been omitted from the PSI report. 


            On
appeal, McGill contended that the trial court’s restitution order failed to
list the beneficiary of the restitution. 
She complained that the trial court could not award restitution to East
Texas Medical Center-EMS under Article 42.037 because it was not a victim of
the offense.  Because the amount of the
restitution was based partially on an amount allegedly owed to East Texas
Medical Center-EMS, which was not a victim of the crime or another person
eligible for restitution, McGill also challenged the sufficiency of the
evidence supporting the amount of restitution. 
We address only the first issue brought to our attention. 

            A
“court that sentences a defendant convicted of an offense may order the
defendant to make restitution.”  Tex. Code Crim. Proc. Ann. art.
42.037(a); see Tex. Const. art. I, § 30(b)(4).  An order of restitution must require a
defendant to:

(i) make restitution directly to the person or
agency that will accept and forward restitution payments to the victim or other
person eligible for restitution under this article, including the compensation
to victims of crime fund; (ii) make restitution directly to the victim or other
person eligible for restitution under this article, including the compensation
to victims of crime fund; or (iii) deliver the amount or property due as
restitution to a community supervision and corrections department for transfer
to the victim or person.

 

Tex.
Code Crim. Proc. Ann. art. 42.037(g)(4). 
Article 42.01, Section 1(25) further states that a judgment shall
reflect:

In the event that the court orders restitution to
be paid to the victim, a statement of the amount of restitution ordered and: 

            (A)       the name and address of a person or
agency that will accept and forward restitution payments to the victim; or 

            (B)       if the court specifically elects to have
payments made directly to the crime victim, the name and permanent address of
the victim at the time of judgment.

 

Tex.
Code Crim. Proc. Ann. art. 42.01, § 1(25) (West Supp. 2010).  

             In this case, although there is sufficient
evidence to support the trial court’s order for the amount of restitution to be
paid, the trial court’s order does not specify the person or agency to whom
restitution will be paid, and no oral pronouncement on this matter was
made.  We note that a specification by
the trial court of the identity of the payee of the restitution would neither
increase nor decrease the sentence pronounced, but will only direct the
disposition of the restitution funds.

            Therefore,
we reverse the trial court’s order as it pertains to the restitution to be paid
and remand for further proceedings in accord with this opinion.  See
Campbell v. State, 5 S.W.3d 693, 697 (Tex. Crim. App. 1999). 

                                                                                    

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          July
18, 2011

Date Decided:             August
24, 2011

 

Do Not Publish           











[1]Originally
appealed to the Twelfth Court of Appeals, this case was transferred to this
Court by the Texas Supreme Court pursuant to its docket equalization
efforts.  See Tex. Gov’t Code Ann. § 73.001 (West
2005).  We are unaware of any conflict
between precedent of the Twelfth Court of Appeals and that of this Court on any
relevant issue.  See Tex. R. App. P. 41.3.

 





[2]Tex. Code Crim. Proc. Ann. art. 42.037
(West Supp. 2010).