

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-10-00184-CR

_____


ANITA RENEE MCGILL, Appellant

V.

THE STATE OF TEXAS, Appellee



On Appeal from the 114th Judicial District Court
Smith County, Texas
Trial Court No. 114-0305-10



Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Following her open plea of guilty to the State's indictment charging that she had stabbed Teresa Kate Hill, Anita Renee McGill was convicted of aggravated assault with a deadly weapon. McGill was sentenced to an eight-year term of imprisonment and was ordered to pay court costs in the amount of $570.00 and restitution in the amount of $17,516.55. She appeals[1] from the trial court's restitution order, complaining (among other points of error which we do not reach) that the restitution order fails to specify to whom restitution should be paid. Because the trial court's order does not conform to the requirements of Article 42.037 of the Texas Code of Criminal Procedure,[2] we reverse the judgment only as it pertains to the issue of restitution and remand the case to the trial court for further proceedings in accord with this opinion.

After Hill was stabbed by McGill, she was taken by ambulance to East Texas Medical Center Hospital for treatment. The State sought to impose restitution upon McGill, which would cause reimbursement of the medical expenses incurred by Hill as a result of the stabbing. During the hearing on punishment, the State asked for an award of restitution in the amount of $17,516.55. In assessing the amount of restitution, the trial court took judicial notice of a "pre-sentence investigation report, including any addenda," after noting that there were no objections to the

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2]TEX. CODE CRIM. PROC. ANN. art. 42.037 (West Supp. 2010).

report of addendum. The presentence investigation (PSI) report contained a restitution form, an affidavit, and supporting documentation specifying that as of August 25, 2010, the Crime Victims Compensation Division was seeking restitution in the amount of $16,966.22 for sums paid to East Texas Medical Center Hospital on Hill's behalf. An addendum to the PSI report sought an additional $550.33 of restitution to be paid to East Texas Medical Center-EMS as a "secondary victim of this offense" for a statement for services which had been omitted from the PSI report.

On appeal, McGill contended that the trial court's restitution order failed to list the beneficiary of the restitution. She complained that the trial court could not award restitution to East Texas Medical Center-EMS under Article 42.037 because it was not a victim of the offense. Because the amount of the restitution was based partially on an amount allegedly owed to East Texas Medical Center-EMS, which was not a victim of the crime or another person eligible for restitution, McGill also challenged the sufficiency of the evidence supporting the amount of restitution. We address only the first issue brought to our attention.

A "court that sentences a defendant convicted of an offense may order the defendant to make restitution." TEX. CODE CRIM. PROC. ANN. art. 42.037(a); *see* TEX. CONST. art. I, § 30(b)(4). An order of restitution must require a defendant to:

> (i) make restitution directly to the person or agency that will accept and forward restitution payments to the victim or other person eligible for restitution under this article, including the compensation to victims of crime fund; (ii) make restitution directly to the victim or other person eligible for restitution under this article, including the compensation to victims of crime fund; or (iii) deliver the amount or

property due as restitution to a community supervision and corrections department for transfer to the victim or person.

TEX. CODE CRIM. PROC. ANN. art. 42.037(g)(4). Article 42.01, Section 1(25) further states that a judgment shall reflect:

> In the event that the court orders restitution to be paid to the victim, a statement of the amount of restitution ordered and:
> (A)      the name and address of a person or agency that will accept and forward restitution payments to the victim; or
> (B)      if the court specifically elects to have payments made directly to the crime victim, the name and permanent address of the victim at the time of judgment.

TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1(25) (West Supp. 2010).

In this case, although there is sufficient evidence to support the trial court's order for the amount of restitution to be paid, the trial court's order does not specify the person or agency to whom restitution will be paid, and no oral pronouncement on this matter was made. We note that a specification by the trial court of the identity of the payee of the restitution would neither increase nor decrease the sentence pronounced, but will only direct the disposition of the restitution funds.

Therefore, we reverse the trial court's order as it pertains to the restitution to be paid and remand for further proceedings in accord with this opinion. *See Campbell v. State*, 5 S.W.3d 693, 697 (Tex. Crim. App. 1999).

4

Bailey C. Moseley
Justice

Date Submitted:     July 18, 2011
Date Decided:      August 24, 2011

Do Not Publish