# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH
### NO. 02-12-00484-CR
### NO. 02-12-00485-CR


MARK ROTELLA                                                    APPELLANT

V.

THE STATE OF TEXAS                                                   STATE

----------

### FROM THE 367TH DISTRICT COURT OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Mark Rotella appeals from two judgments adjudicating his guilt. We will affirm.

In May 2011, Rotella pleaded guilty pursuant to a plea bargain to theft of property valued between $100,000 and $200,000 in cause F-2008-1771-E and to theft of property valued between $20,000 and $100,000 in cause F-2009-1067-E.

---

[1]*See* Tex. R. App. P. 47.4.

*See* Tex. Penal Code Ann. § 31.03(e)(5), (6), (f)(3)(A) (West Supp. 2013). The trial court deferred adjudicating Rotella's guilt and placed him on community supervision for ten years in both causes. One of the conditions of Rotella's community supervision in cause F-2008-1771-E required him to pay restitution in the amount of $200,000, and one condition of his community supervision in cause F-2009-1067-E required him to pay restitution in the amount of $90,000.

The State later filed a motion to proceed with an adjudication of guilt in both causes, alleging that Rotella had failed to comply with numerous conditions of his community supervision, including the requirement that he pay restitution. After a hearing on the motions, the trial court found that Rotella had violated his community supervision by, among other things, failing to pay restitution, and it adjudicated him guilty of both offenses and sentenced him to twenty years' confinement in cause F-2008-1771-E and ten years' confinement in cause F-2009-1067-E. The judgment adjudicating Rotella's guilt in cause F-2008-1771-E additionally ordered him to pay restitution in the amount of $172,500, and the judgment adjudicating his guilt in cause F-2009-1067-E ordered him to pay restitution in the amount of $87,500.

In a single issue, Rotella argues that the trial court abused its discretion by ordering him to pay restitution in both judgments adjudicating his guilt because at the hearing on the State's motions to adjudicate, "[t]here [was] no proof of any amount, of the identity of any victim, of the nature of the loss, the type of property stolen, or the manner in which any property was lost by any alleged victim."

2

We review restitution orders under an abuse of discretion standard. *Cartwright v. State*, 605 S.W.2d 287, 289 (Tex. Crim. App. [Panel Op.] 1980).

A trial court is subject to a number of limitations when ordering restitution. *Campbell v. State*, 5 S.W.3d 693, 696 (Tex. Crim. App. 1999); *see* Tex. Code Crim. Proc. Ann. art. 42.037 (West Supp. 2013). The amount of restitution must be just, must have a factual basis within the loss of the victim, and must be for a crime for which the offender is criminally responsible. *Campbell*, 5 S.W.3d at 696–97. In addition to a statement of the amount of restitution ordered, the judgment "shall reflect" either "the name and address of a person or agency that will accept and forward restitution payments to the victim" or "if the court specifically elects to have payments made directly to the crime victim, the name and permanent address of the victim at the time of judgment." Tex. Code Crim. Proc. Ann. art. 42.01, § 1(25) (West Supp. 2013); *see also id.* art. 42.037(g)(4).

We agree with the State that the amount of restitution that Rotella was ordered to pay was established when he entered a negotiated plea of guilty and was placed on deferred adjudication. Specifically, the plea-bargain agreement in cause F-2008-1771-E unambiguously included Rotella's agreement to pay restitution in the amount of $200,000, with "$25,000 at time of plea with payments for balance." Likewise, the plea-bargain agreement in cause F-2009-1067-E specifically included Rotella's agreement to pay restitution in the amount of $90,000, "with [$]25,000.00 due on 7/15/11" and "payments for balance." Each order of deferred adjudication contains details regarding how much

3

restitution Rotella had to pay and when he had to pay it, and as part of Rotella's waivers and judicial confession in both causes, he admitted that he was guilty of the offense of theft as alleged in the indictments and "agree[d] that the amount of restitution determined is fair and reasonable." Both indictments identified the victims therein.

Regarding the amounts due at the time of the hearing to adjudicate, a representative from the Denton County Probation Department testified that in cause F-2008-1771-E, Rotella had paid $25,000 at the time of the plea and $2,500 in July 2012, leaving a balance due of $172,500. Regarding cause F-2009-1067-E, the representative testified that Rotella had paid $2,500, leaving a balance due of $87,500. At the conclusion of the hearing, the trial court ordered that "the restitution stay in place that was previously ordered." The judgments adjudicating Rotella's guilt, which order that "[a]ll payments previously made to the above assessments are ORDERED credited to the above amounts," accurately reflect the amounts testified to by the representative. We therefore hold that the record supports the amounts of the restitution orders contained in the judgments. *See Flowers v. State*, No. 06-11-00006-CR, 2011 WL 3903441, at *2 (Tex. App.—Texarkana Sept. 7, 2011, no pet.) (mem. op., not designated for publication) (holding similarly).

The judgments adjudicating Rotella's guilt did not indicate that the restitution was payable to either the victims of the offenses or an agency or agent on behalf of the victims, nor did the judgments contain any information about

4

where the restitution must be sent.  *See* Tex. Code Crim. Proc. Ann. art. 42.01, § 1(25).  We therefore abated these causes to the trial court with instructions to enter amended judgments that complied with article 42.01, section 1(25).  The trial court signed amended judgments, correcting the omission, and supplemental clerk's records containing those judgments have been filed with this court.  Rotella's argument regarding compliance with article 42.01, section 1(25) is therefore moot.

Accordingly, we overrule Rotella's issue and affirm the trial court's judgments.


                                        BILL MEIER
                                        JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  January 9, 2014