# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-07-00191-CR

**Charles Ray Gibson AKA Charles Ray Farris, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
NO. 59781, HONORABLE RICK MORRIS, JUDGE PRESIDING**

### M E M O R A N D U M   O P I N I O N

Charles Ray Gibson AKA Charles Ray Farris appeals his conviction by a jury of aggravated sexual assault of a child under 14 years of age. *See* Tex. Penal Code Ann. § 22.021(a)(2)(B) (West Supp. 2007). The jury found the enhancement allegations to be true and assessed punishment at thirty years' confinement. In two issues, appellant contends that the trial court erred in (i) admitting evidence of out-of-court statements made by the victim to a social worker and (ii) ordering appellant to pay restitution in an amount set forth on the judgment "to be determined." For the reasons that follow, we modify the judgment to delete any reference to restitution, and we affirm the judgment of conviction, as modified.

Appellant, who was twenty years old at the time of the offense, was indicted for the offense of aggravated sexual assault against J.A., a child under 14 years of age. The evidence at trial showed that on December 31, 2005, appellant met J.A. through mutual friends. J.A., who had

turned thirteen years old in October, was with her friend R.S., who was also thirteen and lived with her family at the Belle Oaks Apartments in Belton. At the apartment complex, J.A. and R.S. encountered R.S.'s boyfriend, who was fifteen years old. He was accompanied by appellant, an older male the girls did not know. The two males returned to R.S.'s apartment with J.A. and R.S. No one else was present at the apartment. The males had alcoholic beverages with them and offered drinks to the girls. J.A. testified that she took a sip.

At some point, appellant took J.A. into a bedroom and engaged in sexual intercourse with her. Appellant and R.S.'s boyfriend then left. J.A. testified that she spent the night at R.S.'s house that night but did not tell R.S. or her family what had happened. Approximately two weeks later, J.A. reported the event to her aunt. When J.A. and her aunt later encountered appellant at the apartment complex and J.A. identified appellant to her aunt as the person who had assaulted her, J.A.'s mother reported the offense to the police.

At trial, the State presented the testimony of J.A., her mother and aunt, the two Belton police officers who investigated the case, Deborah Kleypas, a registered nurse and sexual assault nurse examiner at Scott & White Hospital who examined J.A., and Diane Campbell, a clinical social worker in private practice.

In his first issue, appellant contends that the trial court erred in overruling appellant's hearsay objection to Campbell's testimony in which Campbell related to the jury out-of-court statements made by J.A. to her. Campbell testified that she had counseled J.A. after J.A. was referred to her by the district attorney's office. Appellant does not challenge Campbell's qualifications to testify. Appellant contends that any statements made by J.A. to Campbell are

2

inadmissible hearsay and that the trial court committed reversible error in admitting them. The State responds that Campbell's testimony was properly admitted and did not contain inadmissible hearsay.

A trial court's decision to admit or exclude evidence is afforded a great deal of discretion; thus, we review a trial court's ruling on admissibility or exclusion of evidence under an abuse of discretion standard. *See Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We will uphold a trial court's evidentiary ruling if it is reasonably supported by the record and is correct under any theory of applicable law. *Martin v. State*, 173 S.W.3d 463, 467 (Tex. Crim. App. 2005); *Sauceda v. State*, 129 S.W.3d 116, 120 (Tex. Crim. App. 2004).

Our review of the record shows Campbell testified that she is a licensed social worker who has been in private practice for 16 years. She runs a clinic in Harker Heights with her husband who is a psychologist. Campbell testified that she has a Master's Degree in clinical social work from the University of Texas at Austin and has received additional specialized training in her area. She had been employed as the director of social work at a private psychiatric hospital. She testified that J.A. was referred to her by the victim coordinator at the district attorney's office because J.A. was a victim of sexual assault. Campbell also has a contractual relationship with Child Protective Services and receives referrals from them.

At trial, Campbell testified that she met with J.A. at her clinic and diagnosed her as having post-traumatic stress disorder and depression brought on by the sexual assault. Campbell explained to the jury what the criteria were for diagnosing a person with post-traumatic stress disorder. At that point, during the State's direct examination, the following testimony occurred:

Q. Now, what is the basis that you use to make that diagnosis with [J.A.]?

3

A.      Well, primarily as—as I'm visiting with a patient, or with [J.A.] in this case, I may ask some specific questions, but usually I just listen to what they tell me, and as they talk about certain things then—that I know fit the criteria, that's how I make the diagnosis.

Q.      What types of things did [J.A.] talk about that allowed you to make the diagnosis of Post Traumatic Stress Disorder as a result of being sexually assaulted?

After the trial court overruled appellant's hearsay objection, Campbell responded:

There were numerous things with [J.A.]  For one thing, she was very clear to me that she doesn't like to talk about the sexual assault.  Any time I would approach the subject with her—and, of course, you know, she's a child, so I try to do it carefully and gently—but she—she would frequently cry, become kind of inward. You know, I could almost visually see her take a big, deep breath before she would answer my question.  She talked about being very, very fearful, not only for her own safety but also the safety of some loved ones around her.  When she was living with Mrs. Baker, she saw Mrs. Baker's daughters as like her sisters, and she told me that now she knows what can happen to women, so she worries about that.  She told me that she had a fear now of older men, that she would get nervous and anxious around those individuals.  She had a great difficulty sleeping.  She was having problems with concentrating at school.  Let me think what else.  Those were primarily the issues.

Other than the single hearsay objection, there were no other objections to Campbell's testimony.  Assuming that this objection was preserved because similar testimony was admitted during other parts of the trial, *see Anderson v. State*, 717 S.W.2d 622, 627 (Tex. Crim. App. 1986) (holding admission of hearsay testimony was harmless where complained-of testimony was generally cumulative of other unobjected-to testimony), we conclude that the trial court did not abuse its discretion in admitting Campbell's testimony.

Even assuming the statements are hearsay, they fall under Rule 803 hearsay exceptions, including Rule 803(4) allowing the admission of symptoms or the "inception or general

4

character of the cause" that relates to J.A.'s treatment. *See Perez v. State*, 113 S.W.3d 819, 828 (Tex. App.—Austin 2003, pet. ref'd); *Moore v. State*, 82 S.W.3d 399, 404-05 (Tex. App.—Austin 2002, pet. ref'd). Campbell testified to her qualifications and experience as a clinical social worker who diagnosed and treated J.A. The trial court did not abuse its discretion in overruling appellant's objection and admitting the testimony.

In his second issue, appellant urges that the trial court committed reversible error when it ordered appellant in the judgment to pay restitution in an amount "to be determined." The State urges that the judgment should be reformed and the reference to restitution deleted to make the judgment comport with the sentence pronounced orally.

The court that sentences a defendant may order him to make restitution to the victim of the offense. *See* Tex. Code Crim. Proc. Ann. art. 42.037(a) (West 2006). The court must resolve any dispute relating to the proper amount or type of restitution, and it is the State's burden to prove the amount of the victim's loss by a preponderance of the evidence. *Id*. art. 42.037(k). Due process requires that there be evidence in the record to show that the amount of restitution ordered has a factual basis. *Campbell v. State*, 5 S.W.3d 693, 696 (Tex. Crim. App. 1999); *Cartwright v. State*, 605 S.W.2d 287, 289 (Tex. Crim. App. 1980).

When the trial court pronounced sentence in response to the verdict of the jury as to punishment, it assessed a sentence of thirty years in prison. The trial court did not mention restitution nor set an amount. There was no evidence in the record to establish any amount of restitution. There was no mention of restitution on the docket sheet of the trial court. Nevertheless,

in the written judgment and sentence of the court, under the heading of "restitution" appeared the words "to be determined."

Because of the complete absence of factual basis, we agree that any reference to restitution should be deleted. *See Wallace v. State*, 75 S.W.3d 576, 583 (Tex. App.—Texarkana 2002); *cf. Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004) (affirming deletion of fine from judgment where fine was not assessed when sentence was orally pronounced). We therefore modify the judgment to delete any reference to restitution. *See* Tex. R. App. P. 43.2(b).

Having overruled appellant's issues, we modify the judgment, and we affirm the judgment of conviction, as modified.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Pemberton

Modified and, as Modified, Affirmed

Filed:   November 29, 2007

Do Not Publish