**Sara Cantu GARCIA, Appellant,**

v.

**STATE of Texas, Appellee.**

**Nos. 13–84–410–CR to 13–84–412–CR.**

Court of Appeals of Texas, Corpus Christi.

April 30, 1985.

John Peterson, Beeville, for appellant.

C.F. Moore, Dist. Atty., Beeville, for appellee.

Before SEERDEN, UTTER and KENNEDY, JJ.

## OPINION

SEERDEN, Justice.

This is an appeal challenging the amount of restitution ordered as a condition of probation. Appellant pled guilty to two charges of Official Misconduct and two charges of Felony Theft. The guilty pleas were accepted by the trial court and punishment was later assessed, in each case, at ten years in the Texas Department of Corrections and a $1,000.00 fine. The concurrent sentences were suspended and appellant was placed on probation. A condition of probation was that appellant pay $18,121.00 in restitution.

The evidence shows that appellant had worked as a secretary for Justice of the Peace Precinct Two in Bee County from early 1979 to early 1984, where she had the primary responsibility for bookkeeping and for depositing money received by the court. An audit of the records revealed the existence of a total cash shortage of $18,121.00.

### I.

In ground of error one, appellant claims that the trial court improperly delegated its authority by permitting the probation officer to determine the amount of restitution. Appellant quotes term of probation number nine in support, as follows: " '9. Then, you need to pay restitution in an amount to be determined (by) the probation officer of Bee County, Texas.' " Appellant misquotes term of probation number nine, which actually reads: "9. Then, you need to pay restitution in an amount to be determined *to* the probation officer of Bee County, Texas." (Emphasis ours.) "To be determined" referred to the hearing which was set for that same day for the purpose of determining the amount of restitution to be paid. At that hearing, the trial court determined that $18,121.00 restitution must be paid as a condition of probation.

Appellant's first ground of error is overruled.

## II.

Although not directly challenged, the issue of whether the rate of payment can be set by the probation officer rather than the court, is raised by appellant's argument and the cases cited therein. The Judgment and the Conditions of Probation each recite that restitution shall be $18,121.00, to be paid at a rate "to be determined by [the] Harris County Women's Restitution Center." The law clearly states that the court *shall* determine the terms and conditions of probation. TEX. CODE CRIM.PROC. art. 42.12, § 6 (Vernon Supp.1985). This authority may not be delegated to a probation officer or anyone else. *DeLeon v. State*, 466 S.W.2d 573 (Tex.Crim.App.1971); *Hall v. State*, 452 S.W.2d 490 (Tex.Crim.App.1970). In *Cox v. State*, 445 S.W.2d 200 (Tex.Crim.App.1969), the Court of Criminal Appeals held that a condition of probation which required the probationer to make restitution "as and when directed by the probation officer" was an unauthorized delegation of authority since it permitted the probation officer to determine the terms of probation. The trial court may, at any time, during the period of probation alter or modify the conditions set, but the court must set the conditions specifically and avoid vagueness and uncertainty. *See* TEX.CODE CRIM. PROC. art. 42.12, § 6 (Vernon Supp.1985); *Flores v. State*, 513 S.W.2d 66 (Tex.Crim. App.1974). The court determined the total amount but not the terms of payment. This should be done by the trial court. Therefore, we remand this case to the trial court to set the terms of payment of restitution.

## III.

In ground of error two, appellant alleges that "there is no evidence tending to show that the restitution sum determined by the trial court is just and fair."

A trial court's order of restitution as a condition of probation will not be overturned absent an abuse of discretion; however, there must be a factual basis supporting the amount of restitution ordered.

*Cartwright v. State*, 605 S.W.2d 287, 289 (Tex.Crim.App.1980); *Thompson v. State*, 557 S.W.2d 521, 525–526 (Tex.Crim.App. 1977).

The trial court heard testimony from William L. Havins, the accountant that audited the Justice of the Peace court and determined the existence of and amount of the cash shortages. Mr. Havins' summary sheet, State's Exhibit One, shows the breakdown of the various shortages and lists the total shortage from Justice of the Peace Precinct Two as $18,121.00. The trial court also heard Justice of the Peace Ben Salazar testify that appellant, as secretary and clerk of the court, was primarily in charge of receiving, recording, and depositing the money that came into the court. The trial court also heard testimony that appellant regularly "borrowed" from the funds collected by the court. And, finally, the court had appellant's own guilty plea and judicial confession to consider.

We find that the restitution sum is supported by the evidence. The trial court did not abuse its discretion.

Appellant's second ground of error is overruled.

These cases are REMANDED to the trial court for a determination of the terms of payment of the restitution.