**Robert Darryl BURRIS, Appellant,**

**v.**

**The STATE of Texas, State.**

**No. 2–04–417–CR.**

Court of Appeals of Texas,
Fort Worth.

Aug. 4, 2005.

Richard Gladden, Denton, TX, for Appellant.

Bruce Isaacks, Criminal District Atty., Charles E. Orbison, Amanda Parker, Beth Hayes, Asst. District Atty., Denton, TX., for The State.

Panel B: HOLMAN, GARDNER, and McCOY, JJ.

## OPINION

DIXON W. HOLMAN, Justice.

An information charged Appellant with the Class A misdemeanor offense of assault with bodily injury. *See* TEX. PENAL CODE ANN. § 22.01(a)(1) (Vernon Supp. 2004–05). The jury found him guilty of assaulting the complainant, Steven Miller, and assessed a $500 fine and confinement of 180 days, with a recommendation that Appellant's confinement be suspended and he be placed on community supervision. The trial court's judgment sentences Appellant to 180 days' confinement, probated for 24 months; as a term and condition of the community supervision, Appellant was ordered to serve 20 days in the county jail. The judgment also assesses a $500 fine, and orders Appellant to pay restitution in the amount of $2,011.52 for the complainant's medical expenses. After careful review of each of Appellant's issues, we will affirm.

Appellant contends the trial court's judgment was in violation of the double jeopardy clause of the Fifth Amendment of the United States Constitution. *See* U.S. CONST. amend. V. Appellant first asks whether the trial court may override the jury's verdict to suspend Appellant's 180-day sentence and replace it with a judgment that instead orders Appellant to serve an additional sentence of 20 days' confinement as a condition of granting him community supervision. We conclude that

the trial court did not err. By entering judgment, the trial court acted in accordance with the Texas Code of Criminal Procedure. *See* TEX.CODE CRIM. PROC. ANN. arts. 42.12, § 12, 42.037 (Vernon Supp. 2004–05).

The matter of punishment was tried to a jury that assessed punishment at a $500 fine plus confinement in jail for 180 days, with a recommendation that the trial court probate the jail time and place Appellant on community supervision. The same day, the court ordered Appellant to begin community supervision upon the condition that he pay restitution of the complainant's medical bills and serve a total of 20 days' confinement on Saturdays and Sundays.

Appellant argues that the trial court violated his constitutional protection against being assessed multiple punishments for the same offense, *citing* U.S. CONST. amend. V, *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969), and *Ex parte Lange*, 18 Wall. 163, 85 U.S. 163, 21 L.Ed. 872, 1873 WL 15958 (1873). Appellant points out that the Fifth Amendment that protects against double jeopardy grants a defendant "entire and complete protection of the party when a second punishment is proposed in the same court, on the same facts, for the same statutory offense." *Lange*, 85 U.S. at 168, 85 U.S. 163. However, *Lange* was a case in which a trial court erroneously imposed both imprisonment and a fine, despite being authorized by a statute to impose only one or the other. *Id.* at 174, 85 U.S. 163. Double jeopardy is not present in the instant case because the code of criminal procedure authorizes the trial court to sentence Appellant as it did. *See* TEX.CODE CRIM. PROC. ANN. arts. 42.12, § 12, 42.037. *See also United States v. DiFrancesco*, 449 U.S. 117, 138–39, 101 S.Ct. 426, 438–39, 66 L.Ed.2d 328 (1980) (holding double jeopardy clause of U.S. Constitution is not violated by a federal criminal statute that is clear and specific and authorizes punishment by both fine and imprisonment).

Additionally, Appellant admits that he did not raise any objection at trial on the issue of double jeopardy. Appellant was obligated to raise that objection in order to preserve the issue for our consideration. *Gonzalez v. State*, 8 S.W.3d 640, 642 (Tex.Crim.App.2000). Because an award of community supervision is a contractual privilege, not a right, conditions imposed by the trial court and not objected to are forfeited on appeal. *Speth v. State*, 6 S.W.3d 530, 534–35 (Tex.Crim.App.1999). Appellant did not object to the trial court's order of jail confinement as a condition of his community supervision. We overrule Appellant's first issue.

Appellant's second issue asks us to determine whether the trial court's judgment ordering Appellant to pay the complainant's alleged medical expenses with no factual or evidentiary basis in the record violated Appellant's federal constitutional right to due process.

During trial, the State called the complainant, Steven Miller, who testified that he had received a bill from Denton Regional Hospital that "exactly is $2,011.52." On cross-examination, Miller testified that because he was not a physician, he could not say the procedures or services he received were both reasonable and necessary. We review restitution orders under an abuse of discretion standard. *Cartwright v. State*, 605 S.W.2d 287, 289 (Tex.Crim.App. [Panel Op.] 1980). Abuse that violates a defendant's right to due process occurs when it fails to conform to three limitations on restitution that the court of criminal appeals recognizes. *Campbell v. State*, 5 S.W.3d 693, 696–97 (Tex.Crim.App.1999). First, the amount of restitution must be just and be supported factually. *Id.* at 696. Second, the restitution must be for the offense for which the

defendant is criminally liable. *Id.* at 697. Third, the restitution must be proper only for the victim of the offense. *Id.*

In this case, testimony from a witness like Miller, a victim of the crime with personal knowledge of the amount of medical expenses incurred, is adequate to support a restitution order. *See Maloy v. State,* 990 S.W.2d 442, 444–45 (Tex.App.-Waco 1999, no pet.); *Urias v. State,* 987 S.W.2d 613, 614–15 (Tex.App.-Austin 1999, no pet.). Because of Miller's testimony, the trial court did not abuse its discretion nor deny Appellant due process. We overrule Appellant's second issue.

■ The third issue Appellant asserts is that the restitution order of the trial court violated Appellant's right to due course of law under the state constitution. *See* TEX. CONST. art. I, § 19. The court of criminal appeals has held that due process is satisfied when a restitution order is just and supported factually, as it is in this case. *See Campbell,* 5 S.W.3d at 696–97. We overrule Appellant's third issue.

■ Appellant's fourth issue is that the trial court's restitution order is a violation of article 42.037 of the code of criminal procedure. However, Appellant acknowledges that his objection in the trial court "was not specifically based on the Trial Court's non-compliance with statutory law." His closest objection told the trial court only that he objected to any amount of restitution based on due process concerns. Appellant has waived his fourth issue. *See* TEX.R.APP. P. 33.1(a)(1)(A); *Maloy,* 990 S.W.2d at 446. We overrule Appellant's fourth issue.

Having carefully considered each of Appellant's issues and having overruled them all, we affirm the trial court's judgment.