COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-09-187-CR

 

 

JEFFREY EARL LEWIS                                                                      APPELLANT

 

                                                             V.

 

THE STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

               FROM
THE 158TH DISTRICT COURT OF DENTON COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------

Appellant Jeffrey
Earl Lewis appeals the trial court=s order that
requires him to pay restitution as a result of his guilty plea to criminal
mischief.  In three issues, he contends
that the evidence is legally and factually insufficient to support the
restitution order.  We affirm.








Background Facts

A Denton County
grand jury indicted appellant for criminal mischief causing damage between
$20,000 and $100,000, which is a third-degree felony.[2]  The indictment alleged that between May 30,
2008 and June 3, 2008, appellant Adid then and there
intentionally or knowingly damage or destroy tangible property, to-wit:  a residence . . . by removing countertops,
appliances, cabinets, breaking windows, doors and damaging walls without the
effective consent of Diane Barfield, the owner of said property.@








Appellant pled
guilty to class A misdemeanor criminal mischief.[3]
In accordance with his plea, he received admonishments, waived statutory
and constitutional rights, and judicially confessed that he understood the
charge against him and that he was AGUILTY of the
offense of LESSER-INCLUDED CRIMINAL MISCHIEF as alleged in the charging
instrument.@ Appellant specifically agreed, A[T]he Court may
consider my judicial confession as evidence in this case.@  The trial court placed him on two years= deferred
adjudication with several expressed conditions, including paying restitution,
and under the parties stipulation, the court left the issue of the restitution
amount as ATBD@ (to be
determined).[4]  After an evidentiary hearing, the trial court
ordered appellant to pay $55,000 at the rate of $2,600 per month.  Appellant filed a motion for new trial and
notice of this appeal.

The Propriety of the Restitution Order

Each of appellant=s three issues
regard whether the evidence adequately supports the trial court=s restitution
order.  The code of criminal procedure
provides that Athe court that sentences a defendant
convicted of an offense may order the defendant to make restitution.@  Tex. Code Crim. Proc. Ann. art. 42.037(a)
(Vernon Supp. 2009); see Tex. Const. art. I, ' 30(b)(4); Weir
v. State, 278 S.W.3d 364, 366B67 (Tex. Crim.
App. 2009).  In determining the amount of
restitution, the court shall consider Athe amount of the
loss sustained by any victim@ and Aother factors the
court deems appropriate.@ 
Tex. Code Crim. Proc. Ann. art. 42.037(c).  AThe court shall
impose an order of restitution that is as fair as possible to the victim,@ and the Astandard of proof
is a preponderance of the evidence.  The
burden of demonstrating the amount of the loss sustained by a victim as a
result of the offense is on the prosecuting attorney.@  Id. art. 42.037(e), (k).  If an offense results in damage, loss, or
destruction of a victim=s property, the trial court may order the
defendant to return the property or, if the return of the property is
impossible or inadequate, to pay the victim the greater of the value of the
property on the date of the damage or Athe value of the
property on the date of sentencing, less the value of any part of the property
that is returned on the date the property is returned.@  Id. art. 42.037(b)(1).








We review a trial
court=s decision to
order restitution under an abuse of discretion standard.  See Campbell v. State, 5 S.W.3d 693,
696 (Tex. Crim. App. 1999); Burris v. State, 172 S.W.3d 75, 77 (Tex.
App.CFort Worth 2005,
no pet.); Lemos v. State, 27 S.W.3d 42, 45 (Tex. App.CSan Antonio 2000,
pet. ref=d).  An abuse of discretion occurs if the trial
court acts without reference to any guiding rules or principles or acts
arbitrarily or unreasonably. Montgomery v. State, 810 S.W.2d 372, 380
(Tex. Crim. App. 1990) (op. on reh=g).  A trial court abuses its discretion when it
sets restitution in an amount that is unjust or unsupported by facts.[5]  Campbell, 5 S.W.3d at 696 (citing Cartwright
v. State, 605 S.W.2d 287, 289 (Tex. Crim. App. [Panel Op.] 1980)); see
Burris, 172 S.W.3d at 78 (explaining that Atestimony from a .
. . victim of the crime with personal knowledge of the amount of [damages]
incurred . . . is adequate to support a restitution order@); Knight v.
State, 635 S.W.2d 650, 652B53 (Tex. App.CFort Worth 1982,
no pet.).  AA trial court may
not order restitution for an offense for which the defendant is not criminally
responsible.@  Campbell,
5 S.W.3d at 697.








The evidence
presented at the restitution hearing establishes that in 2004, Joseph and
Vlastie Marek sold a lakefront house in Denton County to appellant, but the
Mareks were beneficiaries of a deed of trust on the property because appellant
was making mortgage payments to them.[6]  At that time, the house Awas totally
habitable.  It had all of its appliances,
all of its innards. It was in working condition.@

Appellant was
contractually required to pay county taxes on the property, but in 2007,
Vlastie=s estate paid
them.  Appellant also eventually fell
behind on his mortgage payments, so Diane foreclosed on the property and
obtained a writ of possession from a justice of the peace in 2008.  Upon execution of the writ of possession,
Diane noticed that the house was Atotally
uninhabitable@ because it was

torn
up.  There were no kitchen cabinets.  There were no bathroom cabinet[s].[[7]]  There were no appliances, with the exception
of the refrigerator that I=m assuming belonged to him, because it was not in the house
when my mother and father lived there.

The cabinets in the bathrooms were torn out, the sink in
the kitchen, all the kitchen cabinets. 
The oven was on the ‑‑ out in the driveway.  The countertops were out on the driveway. The showerheads
were gone.  The smoke detectors were
gone. The closets had been stripped of their shelving.  I don=t know what it looked like after the doctor took possession
in >04, but when my parents lived
there, the closets had some nice built‑ins; they were all removed.  There was a nice built‑in in the living
room; that was removed, it was set on the floor, it was like a seating area, as
well as the upper bookcases were removed. 
There was a nice built‑in desk in the living room; that had been
removed.[[8]]








Diane contacted
the police about the damage to the house. 
An individual who had offered to pay $238,000 for the house before
seeing the damage offered only $208,000 and then $200,000 after seeing the
damage, and the sale to that buyer failed because appellant filed two lis pendens
against the property.[9]  Another buyer eventually bought the house for
$150,000.  Diane testified, AI had gotten a bid
to repair the damages, and it was over $55,000.@

From 2007 to 2008,
the Denton County Appraisal District=s value of the
property decreased from $256,011 to $120,000 as a direct result of the
damage.  A probate court awarded the
Mareks= estate a civil
judgment of about $60,000 against appellant a few weeks before the restitution
hearing, but appellant, who now lives in Iowa, had not paid that judgment at
the time of the hearing.[10]

Criminal responsibility








In his first
issue, appellant argues that restitution is improper for the sole reason that
he owned the house at the time it was damaged and that he therefore cannot be
criminally responsible under the penal code=s criminal
mischief provision.  The penal code
states that a person commits criminal mischief when the person, Awithout the
effective consent of the owner,@ Aintentionally or
knowingly damages or destroys the tangible property of the owner.@  Tex. Penal Code Ann. ' 28.03(a)(1). 








We cannot agree
with appellant=s position that he is not criminally
responsible under this statute.  The
evidence shows that foreclosure occurred on May 6, 2008; a document from the
Denton Central Appraisal District shows that Diane (as executrix of the
estates) bought the property at a foreclosure sale on that date.  Although Diane testified that she did not
know whether the damage to the house occurred before or after foreclosure, the
indictment alleged that Diane was the owner of the house during appellant=s continuing
course of conduct in damaging the house that occurred from approximately May
30, 2008 to June 3, 2008.  Appellant pled
guilty to the indictment=s allegations and judicially confessed
that he Adid unlawfully
commit the said offense . . . on the date alleged in the charging instrument.@  AThere is no
dispute that the appellant was criminally responsible for the [criminal
mischief] to which he pleaded [guilty].@  See Campbell, 5 S.W.3d at 697;
Chindaphone v. State, 241 S.W.3d 217, 219 (Tex. App.CFort Worth 2007,
pet. ref=d) (stating that a
Ajudicial
confession, standing alone, is sufficient to sustain a conviction upon a guilty
plea@); Garcia v.
State, 694 S.W.2d 583, 585 (Tex. App.CCorpus Christi
1985, no pet.) (holding that a guilty plea and a judicial confession, among
other evidence, supported a restitution order). 
Therefore, we hold that appellant is criminally responsible for the
offense that he pled guilty and judicially confessed to and that the trial
court=s restitution
order is not improper on that basis.[11]  We overrule appellant=s first issue.

Appellant=s intent and
involvement in damaging the property

In his second
issue, appellant contends that the evidence is legally insufficient to support
the trial court=s restitution order.  He does not specify how the evidence is
insufficient other than by stating that Ano rational fact
finder could have found for restitution@ and that intent
is Aan essential
element of the offense of criminal mischief.@  In his third issue, he asserts that the
evidence is factually insufficient but does not specify how it is insufficient
other than by stating, AIn the case at bar, the factfinder was
presented with a question about whether the appellant was involved in damaging
the property.@








Appellant=s indictment
alleges that he Aintentionally or knowingly damage[d] or
destroy[ed] tangible property.@  We conclude that appellant=s judicial
confession to this indictment provides sufficient evidence of his intent and
involvement in damaging the property. 
See Ramirez v. State, 139 S.W.3d 731, 732B33 (Tex. App.CFort Worth 2004,
pet. ref=d) (explaining
that the appellant Atestified by means of his written judicial
confession that he committed each and every allegation in the indictment@ and that the
judicial confession therefore Aprovided
sufficient evidence to support his conviction@); see also
Pigg v. State, No. 03‑07‑00181‑CR, 2007 WL 2462036, at *2
(Tex. App.CAustin Aug. 31, 2007, no pet.) (mem. op.,
not designated for publication) (holding that a judicial confession along with
a presentence investigation report comprised a sufficient factual basis for a
restitution award). Thus, we hold that the trial court did not abuse its
discretion by signing the restitution order, and we overrule appellant=s second and third
issues.[12]








Conclusion

Having overruled
all of appellant=s issues, we affirm the trial court=s judgment.

 

TERRIE LIVINGSTON

                            CHIEF JUSTICE

 

PANEL:  LIVINGSTON, C.J.; GARDNER and MEIER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  June 10, 2010











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Penal Code Ann. ' 28.03(a), (b)(5) (Vernon
Supp. 2009).





[3]See id. ' 28.03(b)(3) (providing that
criminal mischief is a class A misdemeanor when the amount of damage is between
$500 and $1,500).





[4]As part of the stipulation,
appellant agreed to not be held to a cap (based on the reduced offense that he
pled guilty to) on the amount of restitution that the State could recover.





[5]While whether there is sufficient
evidence to support the trial court=s decision is a relevant part of our abuse of discretion
analysis, legal and factual sufficiency reviews are not equivalent to an abuse
of discretion review.  See In re
K.T., 107 S.W.3d 65, 74 (Tex. App.CSan Antonio 2003, no pet.) (en banc) (stating that Athe criminal abuse of discretion
standard@ is Adivorced from evidentiary standards
of legal and factual sufficiency@); Allbright v. State, 13 S.W.3d 817, 818 (Tex. App.CFort Worth 2000, pet. ref=d).





[6]Joseph and Vlastie are now dead;
Diane Barfield, their daughter and the executrix of their estate, and Danny
Barfield (Diane=s husband) testified at the
restitution hearing.





[7]Danny testified that appellant
informed him that he sold the cabinets that he took from the house.





[8]The State introduced photographs
that support Diane=s testimony about the damage to the
house.  Diane also described that a
staircase=s carpet had been removed and doors
had been damaged.





[9]A lis pendens is a document that
prevents a party to litigation from transferring an interest in real property
until the litigation is resolved.  See
Tex. Prop. Code Ann. ' 12.007 (Vernon Supp. 2009); World
Savings Bank, F.S.B. v. Gantt, 246 S.W.3d 299, 303 (Tex. App.CHouston [14th Dist.] 2008, no
pet.).  The record indicates that the lis
pendens issue was not resolved when the potential buyer made his final $200,000
offer, which the Barfields did not respond to for reasons not revealed by the
record, because the lis pendens were still in effect in March 2009 when the
individual who eventually purchased the property was preparing to purchase it.





[10]Diane testified that if the trial
court awarded restitution, she would apply appellant=s restitution payment to the amount
awarded in the civil suit.





[11]To the extent that appellant=s argument that he is not
criminally responsible is an attempt to invalidate his guilty plea, we overrule
the argument because the trial court=s amended certification of his right of appeal states only
that he may appeal the trial court=s restitution order, not any other part of the court=s proceedings.  See Tex. R. App. P. 25.2(a)(2), (d),
(f); Goyzueta v. State, 266 S.W.3d 126, 136 (Tex. App.CFort Worth 2008, no pet.)
(declining to address an issue that was not within the scope of the trial court=s certification of the appellant=s right of appeal).





[12]We note that appellant=s issues each assert that the trial
court erred by ordering restitution; none of the issues expressly challenge the
trial court=s calculation of the $55,000 amount
of restitution.