



# MEMORANDUM OPINION

No. 04-10-00396-CR

Jason **HERNANDEZ**,
Appellant

v.

**STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CR-7712
Honorable Ron Rangel, Judge Presiding

Opinion by: Rebecca Simmons, Justice

Sitting: Rebecca Simmons, Justice
Steven C. Hilbig, Justice
Marialyn Barnard, Justice

Delivered and Filed: November 9, 2011

REINSTATED AND AFFIRMED AS REFORMED

On August 24, 2011, we issued a memorandum opinion overruling two of Hernandez's three issues in his appeal. *Hernandez v. State*, No. 04-10-00396-CR, 2011 WL 3715079 (Tex. App.—San Antonio Aug. 24, 2011, no pet. h.). Because the evidence did not support the ordered amount of restitution, we abated the appeal and remanded the cause to the trial court "for a hearing to determine a definite and just amount of restitution." *Id.* at *5.

In a post-remand evidentiary hearing on restitution, the store's owner testified that the net inventory loss was $9,634.00, the cost to repair the broken window was $997.99, the cost to repair the broken floor tiles was $141.62, and the cost to replace the wooden hangers was $134.92, for a total loss of $10,908.53. *See* TEX. CODE CRIM. PROC. ANN. art. 42.037(c) (West 2006) (requiring a trial court to consider the amount of loss sustained by the victim); *Burris v. State*, 172 S.W.3d 75, 78 (Tex. App.—Fort Worth 2005, no pet.) (deciding that the victim's testimony, where the victim had "personal knowledge of the amount of . . . expenses incurred, is adequate to support a restitution order"). The trial court filed findings of fact and conclusions of law: it found that a definite and just amount of restitution is $10,908.53 and ordered Hernandez to pay that amount to the store's owner.

We hold that the trial court acted within its discretion in ordering a restitution amount of $10,908.53. *See Reasor v. State*, 281 S.W.3d 129, 135 (Tex. App.—San Antonio 2008, pet. ref'd) (standard of review); *Campbell v. State*, 5 S.W.3d 693, 696 (Tex. Crim. App. 1999) ("The amount of restitution must be just, and it must have a factual basis within the loss of the victim.").

Therefore, we overrule Hernandez's remaining issue and affirm the trial court's judgment as reformed by the trial court's order that Jason Hernandez pay Petra Williams $10,908.53 as restitution.

Rebecca Simmons, Justice

DO NOT PUBLISH