*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*




# MEMORANDUM OPINION

No. 04-11-00535-CR

Wesley Joseph **HOGAN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2009CR2706B
Honorable Angus McGinty, Judge Presiding

Opinion by: Rebecca Simmons, Justice

Sitting: Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Rebecca Simmons, Justice

Delivered and Filed: August 1, 2012

AFFIRMED

Appellant Wesley Joseph Hogan pleaded no contest to sexual assault. Hogan and the State agreed to all of the terms of a plea bargain except for the issue of the amount of restitution. The trial court held a hearing on restitution and ordered Hogan to pay the victim $6,000.00. In his sole issue on appeal, Hogan contends the trial court abused its discretion in setting restitution at $6,000.00.[1] We affirm the trial court's judgment.

---

[1] Hogan agreed to pay restitution in his signed plea agreement. However, the State and Hogan could not agree to the amount. Thus, Hogan does not challenge the applicability of restitution; rather, he challenges only the amount.

## BACKGROUND

The facts regarding the underlying offense are undisputed. On November 1, 2005, Hogan and another man broke into the home of C.R. The men tied up C.R. and her children and waited for C.R.'s husband to return home.[2] While the men were waiting, Hogan sexually assaulted C.R. When the husband returned, Hogan and his accomplice robbed the family. Before the men fled the scene, C.R.'s husband escaped from the house, ran to a store, and called 911.

When the police arrived, C.R. and her husband reported that among the items stolen were cash; a DVD player; two televisions; jewelry; and the stereos, amplifiers, and speakers from five vehicles parked on the premises.

Hogan was subsequently arrested and pleaded no contest to sexual assault. C.R. was the sole witness to testify at the hearing on restitution. C.R. described to the court the stolen property. She testified that she and her husband had lost all of the receipts when they moved from their home. She also testified that the total value of all of the property stolen by Hogan amounted to approximately $8,000.00. She used a list prepared by her husband to estimate the value of the total property loss. The list was admitted into evidence without objection. The court ordered restitution of $6,000.00 to be paid to C.R. and her husband.

## RESTITUTION

On appeal, Hogan asserts the trial court abused its discretion in ordering restitution in the amount of $6,000.00 because the amount was not supported by a factual basis. Specifically, he argues that because C.R. had no personal knowledge of the value of the property, the trial court was presented with insufficient evidence to support the restitution amount.

---

[2] To protect the identity of the victim, we will use the initials "C.R." throughout the opinion. At the time of the offense, C.R. and her boyfriend were not yet married. Prior to trial they were wed. For clarity, we will refer to the male victim as C.R.'s husband.

A sentencing court is authorized to order a defendant to pay restitution to the victim of an offense. TEX. CODE CRIM. PROC. ANN. § 42.037(a) (West Supp. 2011); *Idowu v. State*, 73 S.W.3d 918, 920 n.5 (Tex. Crim. App. 2002). We review a trial court's determination of the amount of restitution for an abuse of discretion. *Campbell v. State*, 5 S.W.3d 693, 696–97 (Tex. Crim. App. 1999); *Reasor v. State*, 281 S.W.3d 129, 135 (Tex. App.—San Antonio 2008, pet. ref'd). Due process implications arise when the amount of restitution is not supported by a factual basis. *Campbell*, 5 S.W.3d at 696; *Cartwright v. State*, 605 S.W.2d 287, 289 (Tex. Crim. App. [Panel Op.] 1980). A witness's testimony regarding the value of property may be sufficient to support a trial court's restitution order. *See Maes v. State*, 275 S.W.3d 68, 73 (Tex. App.—San Antonio 2008, no pet.); *Burris v. State*, 172 S.W.3d 75, 78 (Tex. App.—Fort Worth 2005, no pet.).

Based on the facts of this case, the trial court did not abuse its discretion in setting restitution at $6,000.00 because the amount was supported by the facts. *See Campbell*, 5 S.W.3d at 696–97; *Maes*, 275 S.W.3d at 73. The trial court had before it (1) the police report identifying the objects taken by Hogan, (2) C.R.'s testimony, and (3) a list containing estimated values of the property. Hogan did not object to C.R.'s testimony, nor did he object when the State offered into evidence the list of estimates prepared by C.R.'s husband. While the list may have been hearsay, Hogan did not object to its admission. Thus, the list has probative value. *See* TEX. R. EVID. 802 ("Inadmissible hearsay admitted without objection shall not be denied probative value merely because it is hearsay."); *Fernandez v. State*, 805 S.W.2d 451, 455–56 (Tex. Crim. App. 1991) (same). Accordingly, the amount of restitution was supported by a factual basis. *See* TEX. R. EVID. 802; *Maes*, 275 S.W.3d at 73; *Burris*, 172 S.W.3d at 78.

## CONCLUSION

The trial court did not abuse its discretion in ordering Hogan to pay restitution in the amount of $6,000.00.  Therefore, we affirm the trial court's judgment.

Rebecca Simmons, Justice

DO NOT PUBLISH