# NO. 12-14-00179-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *EARNEST MARK BROWNING,*<br>*APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Earnest Mark Browning appeals his conviction for possession of a controlled substance in a drug free zone. In two issues, Appellant argues that his trial counsel rendered ineffective assistance of counsel, and challenges the trial court's assessment of restitution. We modify the judgment and affirm as modified.

## BACKGROUND

Appellant was charged by indictment with the offense of possession of a controlled substance in a drug free zone, a third degree felony.[1] Appellant pleaded "not guilty," and the case proceeded to a jury trial. At the conclusion of the trial, the jury found Appellant guilty of possession of a controlled substance in a drug free zone, and assessed his punishment at four years of imprisonment, plus court costs and restitution.[2] This appeal followed.

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.115(b) (West 2010); 481.134(d) (West Supp. 2014).

[2] An individual adjudged guilty of a third degree felony shall be punished by imprisonment for any term of not more than ten years or less than two years and, in addition, a fine not to exceed $10,000. TEX. PENAL CODE ANN. § 12.34 (West 2011).

In his first issue, Appellant argues that his trial counsel rendered ineffective assistance of counsel by failing to object when the State made an improper argument during sentencing. The State disagrees.

**Standard of Review**

In reviewing an ineffective assistance of counsel claim, we follow the United States Supreme Court's two pronged test in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *Hernandez v. State*, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986). Under the first prong of the *Strickland* test, an appellant must show that counsel's performance was "deficient." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. To be successful, an appellant must "show that counsel's representation fell below an objective standard of reasonableness." *Id.*, 466 U.S. at 688, 104 S. Ct. at 2064; *Tong*, 25 S.W.3d at 712.

Under the second prong, an appellant must show that the "deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Tong*, 25 S.W.3d at 712. The appropriate standard for judging prejudice requires an appellant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Tong*, 25 S.W.3d at 712. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. The *Strickland* standard applies to ineffective assistance of counsel claims alleging a deficiency in attorney performance at noncapital sentencing proceedings. *Hernandez v. State*, 988 S.W.2d 770, 771 (Tex. Crim. App. 1999) (overruling *Ex parte Duffy*, 607 S.W.2d 507 (Tex. Crim. App. 1980)).

Review of a trial counsel's representation is highly deferential. *Tong*, 25 S.W.3d at 712. We indulge in a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. It is the appellant's burden to overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065; *Tong*, 25 S.W.3d at 712. Moreover, any allegation of ineffectiveness must be firmly founded in

the record, and the record must affirmatively demonstrate the alleged ineffectiveness. ***Thompson v. State***, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. ***Id.*** Appellant must prove both prongs of the ***Strickland*** test by a preponderance of the evidence in order to prevail. ***Tong***, 25 S.W.3d at 712.

## Analysis

Appellant argues that his trial counsel failed to provide effective representation because he did not make an appropriate objection when the State made an improper argument during its closing argument at sentencing. Appellant contends that the State urged the jury to "consider the manner in which parole law may be applied" to him, in violation of the trial court's instruction in its jury charge. The trial court's jury charge on punishment properly instructed the jury that they might "consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant." *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 4(a) (West Supp. 2014).

At closing, the State urged the jury to consider that if they

> impose that maximum of a ten-year sentence, [Appellant] becomes eligible [for parole] in two-and-a-half years. So here's the question is—and then he's—he's supervised. So ultimately the defendant's going to be supervised no matter what we do today.
>
> The question is: Once he gets out of prison, how long do you want him to be supervised? How long do you think this defendant needs to be supervised? I would submit to you that he needs to be supervised for that full – for the full remaining term of his confinement of ten years.

Appellant's trial counsel did not object to the State's argument. However, it is Appellant's burden to overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. ***Strickland***, 466 U.S. at 689, 104 S. Ct. at 2065; ***Tong***, 25 S.W.3d at 712. Moreover, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. ***Thompson***, 9 S.W.3d at 813. But Appellant did not file a motion for new trial and call his trial counsel as a witness to explain his reasoning for failing to object. *See **Bone v. State***, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002) (stating that defense counsel should be given opportunity to explain actions before being condemned as unprofessional and incompetent); *see also **Anderson***

*v. State*, 193 S.W.3d 34, 39 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd) (holding that because appellant did not call his trial counsel during motion for new trial hearing to give reasons for failure to investigate or present mitigating evidence, record does not support ineffective assistance claim). When, as here, the record fails to show why counsel did not object to the State's closing argument during sentencing, we cannot conclude that counsel's performance was deficient. *See **Jackson v. State***, 877 S.W.2d 768, 771-72 (Tex. Crim. App. 1994). Because the record does not show deficient performance, we conclude that Appellant has failed to meet the first prong of the **Strickland** test. *See **id***.

Even if Appellant had met the first prong of the **Strickland** test, he has failed to show that, but for counsel's allegedly unprofessional errors, the result of the proceeding would have been different. *See **Strickland***, 466 U.S. at 694, 104 S. Ct. at 2068; **Tong**, 25 S.W.3d at 712. The State argued during closing that the jury should sentence Appellant to the maximum term of ten years of imprisonment. However, the jury sentenced Appellant to four years of imprisonment, less than one-half of the sentence urged by the State. Appellant argues that the goal of every defense counsel is to have the jury assess the least amount of punishment possible and, to this end, concedes that the punishment imposed "likely" weighs against any finding that, but for his trial counsel's error, the result may have been different. Then, he urges us to consider whether we "nonetheless [have] 'grave doubts'" as to the effect, if any, that trial counsel's failure to object had on the outcome of the case. We do not.

Because Appellant failed to show that the result of the proceeding would have been different if his trial counsel had objected to the State's argument on parole, he has failed to meet the second prong of the **Strickland** test. *See **Strickland***, 466 U.S. at 694, 104 S. Ct. at 2068; **Tong**, 25 S.W.3d at 712. Therefore, even if he had met the first prong of **Strickland**, he still could not prevail. Appellant's first issue is overruled.

## RESTITUTION

In his second issue, Appellant argues that the trial court abused its discretion in assessing the amount of restitution. More specifically, he contends that the amount of restitution is not supported by the record and therefore, the evidence is legally insufficient to support the restitution order.

An appellate court reviews challenges to restitution orders under an abuse of discretion standard. *Cartwright v. State*, 605 S.W.2d 287, 289 (Tex. Crim. App. [Panel Op.] 1980); *see also Campbell v. State*, 5 S.W.3d 693, 696 (Tex. Crim. App. 1999) (en banc); *Williams v. State*, No. 12-12-00157-CR, 2012 WL 6214315, at *1 (Tex. App.—Tyler Dec. 12, 2012, no pet.) (mem. op., not designated for publication). Due process is implicated when the trial court abuses its discretion in setting the amount of restitution. *See Williams*, 2012 WL 6214315, at *1 (citing *Campbell*, 5 S.W.3d at 696). There must be sufficient evidence in the record to support the trial court's order, and a defendant is not required to object to preserve an evidentiary sufficiency challenge concerning a restitution order. *See Mayer v. State*, 309 S.W.3d 552, 555 (Tex. Crim. App. 2010); *Cartwright*, 605 S.W.2d at 289.

Here, the trial court in pronouncing sentence ordered that restitution be paid to "DPS on the controlled substance." The judgment of conviction orders that Appellant must pay restitution in the amount of $180.00 to the "DPS lab." However, the bill of costs does not reflect any amount due to the DPS lab for restitution nor is there any document in the record reflecting the basis for that amount. The State concedes there is no evidence to support the amount ordered as "restitution" in the judgment. We agree.

Based on our review of the record, we conclude that there is no evidence to support the amount ordered paid as "restitution." Further, there is no indication from the record that the State was precluded from presenting evidence and being heard on the issue of the amount of fees charged by the DPS lab.[3] *See Mayer*, 309 S.W.3d at 557. Accordingly, we hold that the trial court's judgment of conviction ordering "restitution" lacks evidentiary support, is improper, and should be deleted. *See id.*; *Williams*, 2012 WL 6214315, at *2. Appellant's second issue is sustained

## DISPOSITION

Having overruled Appellant's first issue, and having sustained Appellant's second issue, we *modify* the trial court's judgment of conviction to delete the amount of $180.00 payable to

---

[3] We note that a trial court may order a defendant to pay restitution to a victim. *See* TEX. CODE CRIM. PROC. ANN. art. 42.037(a) (West Supp. 2014). These expenses incurred by the DPS lab were not sustained as a result of being the victim of a crime. *See Aguilar v. State*, 279 S.W.3d 350, 353 (Tex. App.—Austin 2007, no pet.). Therefore, even if the State had presented evidence, the trial court lacked the authority to order Appellant to pay the DPS lab fees as restitution.

the DPS lab as restitution. We *affirm* the trial court's judgment as modified.

**GREG NEELEY**
Justice

Opinion delivered March 25, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 25, 2015**

**NO. 12-14-00179-CR**

**EARNEST MARK BROWNING,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 241-0488-14)

---

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified** to delete the amount of $180.00 payable to the DPS lab as restitution; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*