

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00101-CR

JUSTIN DERRICK RODGERS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 402nd District Court
Wood County, Texas
Trial Court No. 24,613-2021

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

On September 29, 2022, Justin Derrick Rodgers, pursuant to a plea agreement, pled guilty to possession of less than one gram of a controlled substance.[1] As Rodgers's punishment, the trial court assessed a two-year sentence of confinement in a state jail facility, but suspended Rodgers's sentence and placed him on community supervision for a period of five years. The trial court also ordered Rodgers to pay a fine of $5,000.00, court costs of $290.00, reimbursement fees of $180.00, and restitution, if there was any.[2]

In January 2023, the State moved to revoke Rodgers's community supervision, alleging, among other things, (1) that, on December 21, 2022, Rodgers "operate[d] a motor vehicle in a public place while [he] was intoxicated by reason of the introduction of a controlled substance . . . into [his] body" and (2) that he admitted to a police officer that he had consumed marihuana that day. Rodgers pled true to both of those allegations, and the State agreed to abandon its remaining allegations against him. In its written judgment, the trial court revoked Rodgers's supervision and sentenced him to two years in state jail. It also ordered Rodgers to pay the

---

[1]The State alleged that Rodgers was in possession of methamphetamine.

[2]The trial court's oral pronouncement of sentence reflected its written judgment of conviction:

> The Court is going to accept your plea of guilty and find you guilty of the offense of possession of controlled substance, Penalty Group 1, less than 1 gram. The Court will follow the agreement between you and the State of Texas and assess your punishment at two years in the State Jail Division of the Texas Department of Criminal Justice; however, the Court is going to suspend imposition of that sentence and place you on probation for a period of five years, order that you pay a fine of $5,000, court costs of $290, and reimbursement fees of $180.
> As part of the probation, you will follow the recommendations of the probation department for drug treatment after completion of an alcohol and drug evaluation.
> Now, Mr. Rodgers, are you satisfied that the Court has followed the agreement between you and the State of Texas?

Rodgers stated that he was satisfied.

balances owed on the previously ordered $5,000.00 fine and the $290.00 court costs[3]  This

appeal followed.

On appeal, Rodgers maintains (1) that there was insufficient evidence presented by the

State to support the trial court's assessment of a balance due on the fine and court costs in the

trial court's judgment revoking his community supervision and (2) that the trial court abused its

discretion when it assessed a fine and court costs against Rodgers as part of the trial court's

---

[3]The trial court's oral pronouncement of sentence was as follows:

> THE COURT:  . . . . So the Court believes in this instance the appropriate punishment is 2 years in the State Jail Division, and the Court is going to sentence you to that 2 years in the State Jail Division.

> [COUNSEL FOR RODGERS]:  The -- excuse me.  The Court will grant his back time; is that not correct?

> THE COURT:  Oh, absolutely.  I don't know what that is as we speak.  The State is going to prepare a judgment on it, and we'll see what that is.
> Anything further, Mr. Daley?

> [COUNSEL FOR THE STATE]:  Nothing, your Honor.

> THE COURT:  Mr. Day?

> [COUNSEL FOR RODGERS]:  I believe not, Your Honor.

> THE COURT:  Okay.  I'll --

> . . . .

> THE COURT:  Get that judgment to me.  Good luck, sir.

> (Brief discussion off the record.)

> THE COURT:  Hang on just a second.

> [COUNSEL FOR THE STATE]:  Judge, that includes the balance of fine and court costs.

> THE COURT:  Yes.  The judgment will include the balance of fine and court costs due and owing.

3

judgment revoking his community supervision. According to Rodgers, the trial court's judgment must be modified to delete the assessment of the court costs and fine.

**I.      Rodgers Waived His Complaint that the Trial Court Abused its Discretion When it Assessed a Fine and Court Costs in its Judgment Revoking His Community Supervision**

In his second point of error, Rodgers maintains that the trial court abused its discretion by assessing fines and court costs in its judgment revoking his community supervision.

The September 29, 2022, original plea agreement, which was signed by Rodgers, his trial counsel, the State, and the trial court, showed that the trial court sentenced Rodgers to two years' confinement in a state jail facility but suspended his confinement; placed him on five years' community supervision; and assessed a $5,000.00 fine, $290.00 in court costs, $180.00 in reimbursement fees,[4] and restitution, if there was any. The trial court's oral pronouncement of sentence at the plea hearing coincides with the court's written judgment placing Rodgers on community supervision. Accordingly, Rodgers became responsible at *that time* to pay the assessed amounts. *See* TEX. CODE CRIM. PROC. ANN. art. 42.15 (Supp.), art. 42.16; *Manuel v. State*, 994 S.W.2d 658, 661 (Tex. Crim. App. 1999).

In *Manuel*, the Texas Court of Criminal Appeals explained,

We have long held that a defendant placed on "regular"[5] community supervision may raise issues relating to the conviction, such as evidentiary sufficiency, only in appeals taken when community supervision is originally imposed. That is, such

---

[4]Rogers does not complain about the trial court's assessment of reimbursement fees.

[5]Manuel had been placed on deferred adjudication community supervision, not "regular" supervision. That said, the Texas Court of Criminal Appeals held that Manuel was required to raise any complaint regarding his original plea proceeding, including evidentiary sufficiency, at the time the deferred adjudication community supervision was imposed. *Manuel*, 994 S.W.2d at 661–62.

4

issues may not be raised in appeals filed after "regular" community supervision is revoked.

*Manuel*, 994 S.W.2d at 661 (citations omitted).

Moreover, "[a]s a prerequisite to presenting a complaint for appellate review, the record must show that" it "was made to the trial court by a timely request, objection, or motion that . . . stated the grounds for the ruling . . . with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context" and that either the trial court "ruled on the request, objection, or motion, either expressly or implicitly" or "refused to rule on the request, objection, or motion, and the complaining party objected to the refusal." TEX. R. APP. P. 33.1(a). "To be timely, '[t]he objection must be made at the earliest possible opportunity.'" *Davison v. State*, 602 S.W.3d 625, 648 (Tex. App.—Texarkana 2020, pet. ref'd) (alteration in original) (quoting *Martinez v. State*, 867 S.W.2d 30, 35 (Tex. Crim. App. 1993)).

If Rodgers had a complaint regarding the trial court's assessment of fines and court costs, he was required to make a complaint at the original plea hearing. Because Rodgers did not object to the trial court's imposition of fines and court costs "at the earliest possible opportunity," he failed to preserve his complaint for our review. *See id.*

We overrule Rodgers's second point of error.

## II. Rodgers's Complaint that There Was Insufficient Evidence to Support the "Balance Due" Assessments in the Trial Court's Judgment Revoking His Community Supervision is Without Merit

Instead of addressing the complained-of assessments at the time they were originally entered, Rodgers argues that the State failed to prove the "balances" on the fines and court costs during the hearing on the State's motion to revoke his community supervision. Specifically,

5

Rodgers contends that, during the revocation proceeding, the State abandoned its allegations that he failed to pay the assessed fines and court costs and that, because he did not plead true to those specific allegations, the State was required to prove the remaining balances due on the fines and costs.

At the revocation hearing, the trial court stated that Rodgers was sentenced to two years' confinement in state jail. It did not orally state the amount of fines or court costs that Rodgers owed, but merely stated that Rodgers would owe *the balance* of the fines and court costs that were originally imposed at the plea hearing.[6] In support of his argument that the State was required to prove the balances owed on the previously assessed fine and court costs, Rodgers directs us to *Campbell v. State*, 5 S.W.3d 693, 696–97 (Tex. Crim. App. 1999); *Cartwright v. State*, 605 S.W.2d 287 (Tex. Crim. App. [Panel Op.] 1980); *Drilling v. State*, 134 S.W.3d 468, 469 (Tex. App.—Waco 2004, order) (per curiam); and *Cantrell v. State*, 75 S.W.3d 503, 512 (Tex. App.—Texarkana 2002, pet. ref'd).

In *Campbell*, Campbell was convicted of "theft . . . of property valued at $20,000.00 or more but less than $100,000.00." *Campbell*, 5 S.W.3d at 695. The trial court assessed restitution in the amount of $100,000.00 as a condition of parole. *Id.* On appeal, Campbell maintained that the trial court erred because the amount of restitution in a theft conviction was "restricted by the upper limits of the property-value range of [the] theft for which [a person] was convicted." *Id.* at 697. The Texas Court of Criminal Appeals disagreed, holding (1) that the

---

[6]At the revocation hearing, the trial court did not reassess the fine and court costs that it previously imposed during the plea hearing, nor did it order Rodgers to pay additional fines and court costs. Instead, it merely ordered Rodgers to pay the balance owed on the fines and court costs that were originally assessed during the plea hearing.

6

only recognized limits on a trial court's authority to order restitution was that restitution must have a factual basis within the victim's loss that is reflected in the record; (2) that the "[r]estitution must be for a crime for which the offender is criminally responsible"; and (3) that, if the "restitution is ordered for [a] third part[y], the third-party losses must be adjudicated." *Id.* at 699. The court also explained that the theft amount alleged in the indictment does not form a factual basis for restitution but merely affects the question of whether "the offense [is] a felony or a misdemeanor." *Id.*

In *Cartwright*, the Texas Court of Criminal Appeals held that, when the record is insufficient to support the amount of restitution ordered as a condition of community supervision, the proper remedy is to remand the case to the trial court for a new restitution hearing. *Cartwright*, 605 S.W.2d at 289.

In *Drilling*, the Tyler Court of Appeals held that, when there is insufficient evidence to support the amount of restitution ordered by the trial court, the proper procedure is to "abate [the] appeal, set aside the amount of restitution, and remand [the] cause to the trial court" for a hearing to determine an appropriate amount of restitution. *Drilling*, 134 S.W.3d at 471.

*Cantrell* was a "criminal conspiracy to misapply fiduciary property" case. *Cantrell*, 75 S.W.3d at 507. Cantrell argued on appeal that restitution in the amount of $370,000.00 ordered by the trial court as a condition of community supervision was erroneous and without any factual basis in the record. This Court explained,

> First, the amount must be just and must be supported by a factual basis within the loss suffered by the victim. Second, the restitution ordered must be for the offense for which the defendant is criminally responsible. Third, restitution is proper only for the victim or victims of the offense with which the offender is

7

charged. A trial court's failure to abide by these guiding rules is an abuse of discretion.

*Id.* at 512. Finding that the trial court had not abused its discretion in assessing $370,000.00 in restitution, we affirmed the court's judgment of conviction. *Id.*

Clearly, the cases Rodgers cites in support of his position addressed the assessment of restitution, not fines and court costs. As a result, those cases have little, if any, relevance to the issue before us. As we have already stated, the trial court orally, and in its judgment placing Rodgers on community supervision, assessed fines and court costs against him. Rodgers did not object at that time. Likewise, Rodgers has not provided this Court with any authority to show that the State was required to prove during the revocation hearing that Rodgers had remaining balances on the fines and court costs that were originally assessed against him during the plea proceeding.

Accordingly, we overrule Rodgers's first point of error.

## II.    Conclusion

We affirm the trial court's judgment of conviction.

Charles van Cleef
Justice

Date Submitted:     September 29, 2023
Date Decided:       October 2, 2023

Do Not Publish

8